UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| SANDRA PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. M-06-248 |
| | § | |
| MERRILL LYNCH & CO., INC., *et al*, | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**I.   Introduction**

Now before the Court is Plaintiff Sandra Perez's Motion to Remand.  (Doc. 4).  Plaintiff originally filed suit against Defendants Merrill Lynch & Co., Inc. ("Merrill Lynch") and Ann Kawahata ("Ms. Kawahata") on June 29, 2006 in the 139th Judicial District, Hidalgo County, Texas.  (Doc. 1).[1]  Plaintiff appears to bring claims against Merrill Lynch for gender discrimination and/or retaliation under Texas Labor Code §§ 21.001 *et seq.* and negligent supervision.  *Id.*  Plaintiff also states a cause of action against Ms. Kawahata for intentional infliction of emotional distress.  *Id.*  Defendants Merrill Lynch and Ms. Kawahata removed the present action to this Court on September 14, 2006 on the grounds that Ms. Kawahata has been improperly joined and, therefore, complete diversity exists between the parties.  *Id.*; *see* 28

---

1   Although Plaintiff refers in the case caption of her Original Petition to Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith, Inc., the pleading itself identifies the party Defendants as Merrill Lynch & Co. and Ann Kawahata.  (Doc. 1).

U.S.C. § 1332.[2]  Plaintiff now moves to remand, arguing that Ms. Kawahata is a properly joined defendant.  (Doc. 4).

## II.  Analysis

### A.  Improper Joinder Standard of Review

To establish that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the removing party must prove that there has been outright fraud in the plaintiff's pleading of jurisdictional facts or that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 2000).[3]  As Defendants do not allege that any outright fraud in Plaintiff's pleading of jurisdictional facts has occurred, the Court concerns itself with whether Defendants have carried their "heavy burden" of proving that Plaintiff cannot possibly establish a cause of action against Ms. Kawahata.  *Smallwood*, 385 F.3d at 576.  The district court must resolve contested issues of material fact, as well as ambiguities and uncertainties in controlling state law, in favor of the plaintiff.  *Griggs*, 181 F.3d at 699.  However, the possibility of recovery must be reasonable, not merely theoretical.  *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).  The Fifth Circuit has stated that, in determining whether improper joinder has occurred, "pleadings matter."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 328 (5th Cir. 2002).  It is by referring to the allegations in the state

---

2   Pursuant to 28 U.S.C. § 1332, a federal court has jurisdiction over a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between parties of different states.  The parties do not dispute that Plaintiff and Ms. Kawahata are citizens of Texas and Merrill Lynch is a Delaware corporation with its principal place of business in New York.  (Docs. 1, 4).  That the amount in controversy exceeds $75,000, exclusive of interest and costs, is also undisputed.  *Id.*
3   The Fifth Circuit has adopted the term "improper joinder" "as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past.  Although there is no substantive difference between the two terms, 'improper joinder' is preferred."  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).

court petition that the court assesses whether a reasonable theory, or merely a theoretical one, has been asserted. *Id.*

"[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701. While the Fifth Circuit cautions against holding a "full evidentiary hearing" to make preliminary determinations of subject matter jurisdiction, it has also permitted district courts to conduct "a summary judgment-like procedure for disposing of [improper] joinder claims" and "pierce the pleadings" to consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Post-removal evidence is considered only to the extent that it clarifies or amplifies the claims actually alleged in the plaintiff's pleading. *Griggs*, 181 F.3d at 700 (also stating that post-removal filings may not be considered "when or to the extent they present new causes of action or theories not raised in the controlling petition filed in state court").

**B.  Defendant Ann Kawahata Has Been Improperly Joined**

In alleging a cause of action against Defendant Ann Kawahata for intentional infliction of emotional distress ("IIED"), Plaintiff's Original Petition states as follows: (1) in about 2003, Ms. Kawahata "intentionally and recklessly began a course of conduct against Plaintiff in the workplace that was beyond that of ordinary employment disputes or within the employer's lawful latitude to supervise and discipline employees but intended to hurt the Plaintiff emotionally and economically"; (2) Ms. Kawahata knew that Plaintiff had invested 18 years in developing her career and professional reputation at Merrill Lynch and that Plaintiff had always received satisfactory evaluations but nonetheless "began a personal vendetta to destroy the professional reputation of the Plaintiff"; and (3) Ms. Kawahata "acted with conduct so extreme

and outrageous as to go beyond the bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community," causing Plaintiff to suffer "economic injuries" and "severe emotional distress," such as "numerous, intense headaches, [inability] to sleep many nights and [inability] to enjoy the hobbies that offer her a distraction from work."  (Doc. 1).

Defendants first argue that Plaintiff has no possibility of recovery against Ms. Kawahata for IIED where Plaintiff has an existing statutory remedy for her alleged emotional distress under the Texas Commission on Human Rights Act ("TCHRA").  (Docs. 1, 5).  The Texas Supreme Court has held that IIED "is a 'gap-filler' tort never intended to supplant or duplicate existing statutory or common-law remedies."  *Creditwatch v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005); *see also Hoffman-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).  In other words, the tort of IIED "simply has no application when the actor intends to invade some other legally protected interest, even if emotional distress results."  *Hoffman-LaRoche*, 144 S.W.3d at 447 (quoting *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998))(internal quotations omitted).  In *Hoffman-LaRoche*, the Court found that Plaintiff's IIED claim was not independent of her statutory claim for sexual harassment under the TCHRA, as the latter claim "provide[d] a remedy for the same emotional damages caused by essentially the same actions."  *Id.* at 450.  Therefore, "there [was] no remedial gap in [the] case and thus no support for the award of damages under the [IIED] claim."  *Id.*

Here, Plaintiff appears to assert a claim against Merrill Lynch for gender discrimination and/or retaliation under Texas Labor Code §§ 21.001 *et seq.*  (Doc. 1).  More specifically, Plaintiff alleges that "Defendant Merrill Lynch's decision to discharge plaintiff was motivated by the Plaintiff's complaint that the policies and procedures for keeping employment with Defendant were discriminatory as to her, in terms of evaluations, compensation and her gender."

*Id.* The TCHRA, codified in Chapter 21 of the Texas Labor Code, makes it unlawful for an employer to discriminate against an employee because of her sex.  Tex.Lab.Code.Ann. § 21.051 (Vernon 2006).  The TCHRA also prohibits retaliation against an employee who opposes a discriminatory practice.  Tex.Lab.Code.Ann. § 21.055 (Vernon 2006).  On finding that a defendant engaged in an unlawful employment practice under the TCHRA, a court may award compensatory damages, which include damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses."  Tex.Lab.Code.Ann. § 21.2585(a), (d)(Vernon 2006).

Although it is unclear from Plaintiff's pleading whether Ms. Kawahata's alleged conduct also forms the basis of Plaintiff's gender discrimination and/or retaliation claims,[4] the Court again notes that it may pierce the pleadings to consider post-removal evidence to the extent that such evidence clarifies Plaintiff's allegations.  In support of her Motion to Remand, Plaintiff submitted her own affidavit which specifically states that Plaintiff reported to and was evaluated by Ms. Kawahata, the Resident Manager of Merrill Lynch in McAllen, Texas, at the time Plaintiff's employment was terminated.  (Doc. 4).  Plaintiff also submitted to the Court a copy of the "2004 Mid-Year Review" signed by and given to her by Ms. Kawahata.  (Doc. 4, Ex. A).  This document, which contains an assessment of Plaintiff's work, concludes that "[Plaintiff] should incorporate the Merrill Lynch Principles in her daily routine which will help her achieve the desired results."  *Id.*  Plaintiff specifically states in her affidavit that "[i]t was the failure of Ms. Kawahata as Resident Manager, to personally incorporate the Merrill Lynch Principles into her daily routine that caused my wrongful termination at Merrill Lynch after 18 years."  (Doc.

---

4   For example, Plaintiff's Original Petition states that Plaintiff "is not including Defendant Ann Kawahata, as an agent, servant or employee of Defendant Merrill Lynch but as individual's (sic) acting in furtherance of his/her own malicious scheme to harm the Plaintiff."  (Doc. 1).

4).  In other words, Plaintiff's affidavit confirms that Plaintiff's allegations of unlawful employment practices by Merrill Lynch stem from Ms. Kawahata's alleged conduct, which conduct also forms the basis of Plaintiff's IIED claim.  As Plaintiff's IIED claim is not independent of her claims under the TCHRA, for which she may receive damages for her alleged emotional distress, Plaintiff's IIED claim is barred as a matter of law.[5]

### III. Conclusion

For the foregoing reasons, the Court finds that there is no possibility that Plaintiff will be able to establish a cause of action against Ms. Kawahata in state court and, therefore, Ms. Kawahata has been improperly joined as a defendant in the present case.  As such, complete diversity exists between the remaining parties pursuant to 28 U.S.C. § 1332.  Accordingly, the Court **ORDERS** that Plaintiff's Motion to Remand (Doc. 4) is hereby **DENIED** and Defendant Ann Kawahata is hereby **DISMISSED** from this suit as having been improperly joined.

SO ORDERED this 6th day of November, 2006, at McAllen, Texas.

_____
Randy Crane
United States District Judge

---

[5]   As such, the Court need not consider Defendants' additional argument that Ms. Kawahata's alleged actions do not rise to the level of IIED and, therefore, Plaintiff cannot possibly recover against Ms. Kawahata in state court.  (Docs. 1, 5).